**VIA CM/ECF**

July 2, 2020

The Honorable Sallie Kim
United States District Court
Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:     *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST
        *Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al.*, No. 17-CV-04191-JST

Dear Judge Kim:

        Rearden submits the following letter brief in support of its challenges to the attorney-client privileges that defendants asserted for four emails in a string on DIS-REARDEN 0015069 - 070 pursuant to paragraph 6.2 of the Protective Order (ECF No. 114).

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:     _/s/ Mark Carlson_____
              Mark Carlson

*Attorneys for Plaintiffs*

On January 15, 2020, Disney produced DIS-REARDEN-0015067 (Ex. A). It was a one-page document, with the address portion of an email. It had the sent date (July 5, 2016), subject ("███████████"), author (Mimi Steele), recipient (Dave Taritero), with copies (Joseph Bonander, Alia Tarraf, and Sharina Radia). The document is otherwise blank.

Rearden's first opportunity to question a witness about the document was the Mimi Steele deposition on March 11, 2020. When shown the document, Ms. Steele testified that ██ ██████████████ (Ex. B, Steele 110:22-111:2), ████████████ ████████ (*Id.,* 111:3-5), ██████████████████ (*Id.,* 111:6-7), or ███████ ████████ (*Id.,* 111:8-10). ██████████████ (*Id.,* 111:22-112:16), ████████████ (*Id.,* 115:7-25), ████████████ (*Id.,* 115:15-117:11), ███ (*Id.,* 118:12-18), ████████████████ (*Id.,* 118:19-21), ██████ ████████████████████ (*Id.,* 118:22-119:2).

On May 6, Rearden requested production of a complete version of Steele Ex. 76, because it had obviously been redacted without any indication of redaction and without a corresponding disclosure on the privilege log. Well over a month later, on Friday, June 17, Disney produced a document showing a whole string of emails of which Steele Ex. 76 was a part, as DIS-REARDEN-0015069-70. (Ex. C) But for all but the initial email in the string, only the to, from, cc, date, and subject lines were produced, with an express "attorney-client privilege" redaction asserted for the first time for the text of each email. And for the first time, Disney produced an

amended privilege log that included the document.  (Ex. D at 8)  The amended privilege log

described the basis for privilege as follows:

> An email chain among Joseph Bonander, Mimi Steele, Dave Taritero, Alia Taraff,
> and Sharina Radia seeking attorney advice and conveying attorney advice from
> Disney inhouse counsel Bridget Hauserman regarding effect of preliminary
> injunction in litigation relating to MOVA.

This description did not appear plausible to Rearden, and so it asserted challenges for

each of the four redacted email in the chain pursuant to Paragraph 6.2 of the Protective Order.

ECF No. 114.  On July 1, 2016, counsel met and conferred regarding Rearden's challenges to the

privilege claimed for each of the four withheld emails.  All parties agree that the opening email,

June 28, 2016 from Feuerman to Bonander ██████████████████████████

██████ produced without redaction, is not privileged.[1]  But counsel could not resolve their

differences with respect to the four subsequent redacted emails.  Mr. Klaus offered to permit the

Court to consider the email without redactions *in camera*, and Rearden urges the Court to do so.

**A.  The four redacted emails are either not privileged, or not entirely privileged.**

**1.      The June 28, 2016, 2:24 PM, Joseph R. Bonander email is not privileged.**

Disney bears the burden of proving the basis for asserting attorney-client privilege as to

each redacted email.  *See, Weil v. Investment/Indicators, Res and Mgmt, Inc*, 647 F2d 18, 25 (9th

Cir 1981); *see also  Board of Trustees of Leland Stanford Junior University v. Roche Molecular*

*Systems, Inc*., 237 FRD 618, 622 (ND Cal 2006).  The first redacted email appears to forward the

non-privileged Feuerman email and embedded link, and was sent by Bonander just three minutes

after receiving it.  Neither the author nor any of the recipients are attorneys.  And Mr. Klaus

admitted that the redacted portion of the Bonander email does not convey any legal advice.  He

---

[1] The link leads to an article published in *The Hollywood Reporter* about Judge Tigar's June 17
preliminary injunction prohibiting all further use of MOVA Contour.  Ex. E.

further admitted that the redacted text does not refer expressly to attorney Bridget Hauserman or any other attorney.  Mr. Klaus represented that the redacted Bonander email text poses a question to the email's recipients, none of whom were attorneys.  And he argued that since another in the email chain—Ms. Steele—*subsequently* posed Mr. Bonander's question to Ms. Hauserman and conveyed her answer in a *different* email, the question should be deemed retroactively to have been a privileged request for legal advice.

 "The attorney-client privilege extends to communications between client and attorney for the purpose of obtaining legal advice."  *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir.2001).  But "[i]t does not cover the fact (or not) of whether one sought legal advice" about a particular subject.  *Methode Electronics, Inc. v. Finisar Corp.*, 205 F.R.D. 552, 556 (N.D. Cal. 2001).  For example, in *Methode*, Finisar's counsel asserted attorney client privilege and instructed his client not to answer deposition questions about whether (1) he had sought legal advice after receiving a draft patent application by Methode, (2) he had sought legal advice about the patentability of his accused device, (3) he had sought legal advice regarding Methode's allegations of infringement, (4) he had sought legal advice regarding a draft patent application disclosure, and (5) he had sought legal advice as to whether Finisar owned patents that Methode was trying to license.  *Id.*  But the district court overruled all of Finisar's privilege objections because the questions "did not require the disclosure of any legal advice sought or provided, and accordingly did not implicate the privilege."  *Id.*

Disney's privilege argument is even more attenuated than the one overruled in *Methode*. An email from a non-lawyer that poses a question to its non-lawyer recipients cannot become privileged retroactively merely because a recipient *subsequently* posed that same question to a lawyer, and then reported the lawyer's answer in a *different* email.  "The mere fact that

information is 'related' to attorney-client communication … does not establish that it is an attorney-client communication protected by privilege." *O'Connor v. Uber Tech., Inc.*, 2017 WL 6504064, *2 (N.D. Cal. 2017).  Bonander did not himself communicate with a lawyer, so his emailed question to non-lawyers "do[es] not disclose the contents of any such communications," nor could it possibly do so because the attorney consultation was by someone else at a later time, and therefore "[t]he privilege does not apply."  *Id.*

Therefore, Disney should be ordered to produce a non-redacted copy of the June 28, 2016, 2:24 PM, Joseph R. Bonander email.

> **2.     The June 28, 2016, 5:30 PM, Mimi Steele email should be produced in redacted form to the extent that it contains non-privileged content.**

This is another non-lawyer email.  But Mr. Klaus represented that Ms. Steel's June 28 email states that she had consulted with attorney Bridget Hauserman to answer Mr. Bonander's question, and conveys Ms. Hauserman's response.  To that limited extent, and subject to confirmation by the Court through *in camera* review, Rearden does not contest the privilege.[2]

But "[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (*quoting* Weil, 647 F.2d at 24).  Furthermore, "[b]ecause "the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose. Accordingly, it protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

---

[2] But Rearden reserves and does not waive or concede the argument that this communication may be subject to the crime-fraud exception to the attorney-client privilege, if it relates to encouraging Disney to violate Judge Tigar's injunction or infringe Rearden's copyright.

Consequently, to the extent that Ms. Steele's June 28 email may contain text other than her conveyance of Ms. Hauserman's legal advice, Disney should be ordered to produce a copy that limits redaction strictly to the privilege text and discloses the non-privileged text.

### 3. The July 5, 2016, 7:01 AM, Dave Taritero email to Mimi Steele, with copies to Joey Bonander, Alia Tarraf and Sharina Radia is not privileged.

This is an email from a non-lawyer, Mr. Taritero, to another non-lawyer, Ms. Steele, copying in other non-lawyers.  Mr. Klaus admitted that the redacted text does not expressly refer to Ms. Hauserman or any other lawyer.  But like Mr. Bonander's June 28 email, Mr. Klaus represents that Mr. Taritero posed a question to the non-lawyer recipients.  And he argued that the question became a privileged request for legal advice retroactively because Ms. Steele *subsequently* posed Mr. Taritero's question to Ms. Hauserman and conveyed her response to the recipients in a *different* follow-up email.

Mr. Taritero's July 5 email should be produced without redaction for the same reasons stated for production of Mr. Bonander's June 28 email.  Both are non-lawyer emails posing questions to non-lawyer recipients, and neither conveys legal advice or the substance of any communication the author had with a lawyer.  That someone else may have *subsequently* asked a lawyer the same question and then conveyed that communication to the same recipients in a *different* email does not make Mr. Taritero's question a request for legal advice retroactively.

### 4. July 5, 2016, 9:38 AM, Mimi Steele email to Dave Taritero, copying Joseph Bonander, Alia Tarraf, and Sharina Radia

This is another email from a non-lawyer to another non-lawyer, copying in other non-lawyers.  But like Ms. Steele's June 28 email, Mr. Klaus represented that this email states that she had consulted with attorney Bridget Hauserman to answer Mr. Taritero's question, and

conveys Ms. Hauserman's response.  To that limited extent, and subject to confirmation by the

Court through *in camera* review, Rearden does not contest the privilege claim.[3]

But for the same reasons stated for production of Ms. Steele's June 28 email, to the extent

that Ms. Steele's July 5 email may contain text other than her conveyance of Ms. Hauserman's

legal advice, Disney should be ordered to produce a copy that limits redaction strictly to the

privileged text and discloses the non-privileged text.

**B.  The Court should order Disney to produce a redacted copy of DEF_PRIV099.**

In the parties' discovery conference, Rearden requested also the production of a redacted

version of this email, like redacted DIS-REARDEN-0015067 (Ex. A), that discloses the to, from,

cc, and subject lines of the email while redacting the privileged text.  Mr. Klause observed that

the privilege log purports to provide author, recipients and CCs for the document, while

acknowledging that the subject line, which refers to DD3 and is not itself claimed to be

privileged, is not included.

All of the emails that are subject to this motion are relevant to support the arguments that

Rearden will make in its opposition to defendants' summary judgment motion.  But Rearden has

discovered their relevance only by reference to non-privileged elements of the documents in

context to other non-privileged documents and events.  So Rearden requires a copy of

DEF_PRIV099 with only the privileged matter redacted so that it may also put that email in its

proper context. This request does not affect any matter that the studios claim to be privileged.

---

[3] But subject to the same reservation of rights previously asserted herein.