

T 206.623.7292  F 206.623.0594

Mark S. Carlson
Attorney
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA  98101

www.hbsslaw.com
**Direct (206) 268-9346**
**Direct Fax (206) 623-0594**
markc@hbsslaw.com

November 24, 2020

**<u>VIA CM/ECF</u>**

The Honorable Sallie Kim
United States District Court
Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST
      *Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al.*, No. 17-CV-04191-JST

Dear Judge Kim:

Rearden submits the attached letter brief in response to defendants' motion for moving party summary judgment discovery.

          Respectfully submitted,

          HAGENS BERMAN SOBOL SHAPIRO LLP

          By:   */s/ Mark Carlson*
                Mark Carlson

          *Attorneys for Plaintiffs*

MSC:kcr

Rearden LLC and Rearden Mova LLC ("Rearden") submit the following letter brief in response to defendants' motion to take moving party summary judgment discovery.

## I.   FACTS

On November 18, 2020, Rearden filed its papers in opposition to defendants' Motion for Partial Summary Judgment on Causal Nexus. The papers included the expert witness declarations of Professor Angela Tinwell and Mr. Phillip Fier. Dr. Tinwell was disclosed as an expert witness on July 16, 2020, and Mr. Fier was disclosed on November 27, 2018.

On November 19, defendants informed Rearden by email that they intended to depose Dr. Tinwell and Mr. Fier. Notwithstanding its objection to moving party summary judgment discovery, Rearden responded that it would make Dr. Tinwell and Mr. Fier available for depositions of no more than two hours, exclusive of cross or re-direct examinations (if any), limited to subject matters relevant to the *Daubert* inquiry.

Defendants replied, refusing to limit their depositions to two hours and to limit their examination to *Daubert*. They argued that they "are entitled to examine the witnesses on their declarations," however long that may take. And they demanded a document production, complaining that "many" of the documents the witnesses relied upon "have not been produced."

Rearden responded that it would produce the documents that the declarants relied upon. And Rearden re-extended its offer of two-hour depositions limited to *Daubert* issues. Defendants refused again.

On November 20, the parties met and conferred telephonically. Rearden asserted that *no party* is entitled to summary judgment discovery on demand, except as provided by Fed. R. Civ. P. 56(d), and Rule 56(d) applies only to the non-moving party. And Rearden asserted that at minimum, defendants were required to make a showing of particularized facts by declaration and diligence, consistent with the showing required by Rule 56(d) for non-movant discovery. As a compromise, Rearden offered to waive its request that the subject matters for inquiry be limited in any way, provided that the depositions would be limited to two hours, exclusive of cross and redirect examinations, if any. Defendants maintained their objection to a two-hour time limit.

- 1 -

## II.     ARGUMENT

A.     **Federal Rule of Civil Procedure 56 provides no right to summary judgment discovery except for non-moving parties who comply with Rule 56(d).**

Rule 56(c) (1) provides that a party asserting that a fact cannot be genuinely disputed may support its argument by citing *to the record*:

> A party asserting that a fact cannot be … disputed must support the assertion by: (A) citing to particular parts of materials *in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the … presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

The rule makes no provision for a party to file a summary judgment motion, then make a *new* record to use in its reply brief, as defendants seek to do here.

Rule 56(d) addresses when discovery may be permissible during a summary judgment motion. It provides that the *non-moving* party may seek leave to conduct discovery if it is unable to respond because facts are not available in the record, but only upon filing a declaration stating the reasons it cannot present facts essential to its position. Rule 56(d). The Court has discretion to allow the non-movant time to take discovery upon a proper showing. Rule 56(d) (2). But nothing in Rule 56 provides a *movant* the right to summary judgment discovery on demand.

Defendants argued in the discovery conference that their motion is based on Rule 56(c) (1), but that rule only provides that defendants may support their motion by citing to depositions *in the record*. It does not provide for *new* summary judgment discovery. Nor could defendants cite a single case providing the moving party a right to summary judgment discovery.

B.     **Defendants could not meet the standard for granting summary judgment discovery even for a non-moving party under Rule 56(d).**

During the parties' discovery conference, defendants argued that they are not required to make any showing before taking moving party summary judgment discovery. But even under Rule 56(d) for the non-moving party, an evidentiary showing is required for discovery:

> a party seeking to continue a motion for summary judgment must: (1) set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) show that

those facts exist; and (3) explain why those facts are essential to resisting the motion for summary judgment. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998), *cert. denied* 525 U.S. 822 (1998). District courts have discretion to deny a Rule 56(f) motion when the moving party fails to show that it exercised reasonable diligence during discovery. *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989) ("A movant cannot complain if it fails to diligently pursue discovery before summary judgment.").

Based on their position in the discovery conference, defendants do not intend to submit an affidavit or declaration in support of their motion. So defendants would not even be entitled to summary judgment discovery as a non-moving party under Rule 56(d).

Nor can defendants show that they diligently pursued discovery before summary judgment. Mr. Fier was disclosed to them as an expert *nearly two years ago*, on November 27, 2018, and Dr. Tinwell was disclosed as an expert *three months before their deadline to refile their summary judgment motion*, on July 16, 2020.

Defendants argued in the parties' discovery conference that they could not possibly have deposed Mr. Fier or Dr. Tinwell before Rearden filed its summary judgment opposition papers because they did not have the Fier and Tinwell declarations and their attached exhibits. <u>And they are right</u>. But that is not what they said when Rearden moved to strike the Hendler declaration. They *scoffed* at the proposition that Rearden could not depose Hendler without first having his 29-page declaration, 52 exhibits, and 10 figures. ECF No. 259. Defendants cannot have it both ways. You either need the declaration and exhibits to depose a declarant, or you do not.

**C.     If the Court grants defendants leave to take the depositions of Dr. Tinwell and Mr. Fier, the depositions should be limited to two hours.**

Defendants received the Tinwell and Fier declarations on November 18, and they have all exhibits to the declarations. In addition, they have requested a production of the non-litigation documents that they relied upon (defendants have the materials from this litigation provided to the declarants by Rearden's counsel). Dr. Tinwell is collecting the documents—primarily scholarly publications—that she has in electronic format and will provide those shortly. And defendants requested only one document from Mr. Fier, which Rearden provided on November 20. And yet despite having the declarations, exhibits, and (shortly) the non-litigation documents they cited, defendants argue that two hours is *not* sufficient time to depose the declarants.

But when Rearden moved to strike the Declaration of Darren Hendler (ECF No. 249-4) because it was not produced during summary judgment discovery, and because it attached 52 exhibits and 10 figures that were also not produced, defendants argued that Rearden had deposed Mr. Hendler and that deposition was sufficient.  ECF No. 259.  The Hendler deposition was limited by this Court to not more than two hours based on Rearden's representation that it had only one topic and a few documents for his examination.  ECF No. 230.  Rearden's direct examination concluded on page 89 of the Hendler transcript after a lunch break, at or very near the two-hour limit imposed by the Court.  The balance of the transcript is defendants' examination of Mr. Hendler and a few minutes of final questions from Rearden's counsel.  And of course, Rearden did not have the benefit of a copy of Mr. Hendler's 29-page, 114-paragraph declaration, nor any of its 52 exhibits or 10 figures.  But defendants argued that two hours was *ample* time to have covered the topic that Rearden sought to depose Mr. Hendler on in the first place, plus the declaration testimony and documents that Rearden did not have.

Defendants cannot have it both ways.  Either the two-hour deposition of Mr. Hendler was not sufficient to depose him on a 29 page declaration, 52 exhibits, and 20 figures that Rearden *did not even have*, or two hours is sufficient time for defendants to depose Dr. Tinwell and Mr. Fier on declarations, exhibits, and documents that they have in hand.